MEMORANDUM *
The facts of this case are known to the parties, and we do not repeat them here. The State of Arizona, the Arizona Mining Association, and Phoenix Cement Company petition for review of EPA’s final “Phase 2” rule approving Arizona’s regional haze State Implementation Plan (“SIP”) *705 in part and disapproving it in part. We deny the petitions in all respects.
EPA’s conclusion that Sundt Unit 4 is Best Available Retrofit Technology (“BART”)-eligible was not arbitrary and capricious. Section 169A provides that “each major stationary source which is in existence on August 7,1977, but which has not been in operation for more than fifteen years” is subject to BART controls. 42 U.S.C. § 7491(b)(2)(A). The Regional Haze Rule defines a “BART-eligible source” as “an existing stationary facility.” 40 C.F.R. § 51.301. “Existing stationary facility” is, in turn, defined to include “any of [certain enumerated categories of] stationary sources, including any reconstructed source, which was not in operation prior to August 7, 1962, and was in existence on August 7, 1977.” Id. Sundt Unit 4 was in existence in 1977 but not in 1962. The texts of both the statute and the governing regulation are thus fully consistent with rendering Sundt Unit 4 BART eligible.
One part of EPA’s BART Guidelines can be read to exempt sources reconstructed after 1977 from BART. See 40 C.F.R. pt. 51, app. Y, Section II.A.2. But Sundt Unit 4 is not covered by the Guidelines. And the Guidelines’ preamble states that “sources reconstructed after 1977, which reconstruction had gone through [New Source Review (“NSR”)/Prevention of Significant Deterioration (“PSD”)] permitting, are not BART-eligible,” indicating that EPA interprets Section 169A and the Regional Haze Rule to exempt only those post-1977 reconstructed sources subject to PSD permitting. See Regional Haze Regulations and Guidelines for Best Available Retrofit Technology (BART) Determinations, 70 Fed.Reg. 39,104, 39,111 n. 9 (July 6, 2005).
Given the statutory and regulatory language and the limited usefulness of the Guidelines as applied here, we defer to EPA’s reasonable construction of the statute and its own regulations as exempting only those sources reconstructed after 1977 and subject to PSD permitting. See Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); Chevron, U.S.A. Inc. v. Nat. Res. Def. Council, 467 U.S. 837, 842-44, 104 S.Ct. 2778, 81 L,Ed.2d 694 (1984). Under this interpretation of Section 169A and the Regional Haze Rule, EPA permissibly determined that Sundt Unit 4, which did not undergo PSD permitting when it was reconstructed, remains BART-eligible.
EPA’s determination that the Nelson Lime Plant is subject to BART was similarly not arbitrary and capricious. If an agency gives a “satisfactory explanation for its action including a rational connection between the facts found and the choice made,” it has not acted arbitrarily or capriciously, and we will not “substitute [our] judgment for that of the agency.” Nw. Envtl. Def. Ctr. v. Bonneville Power Admin., 477 F.3d 668, 687 (9th Cir.2007) (quoting Motor Vehicle Mfrs. Ass’n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (internal quotation marks omitted)). Here, EPA’s final rule adequately addressed why the State’s use of a three-year averaging approach to calculating the impact of the plant’s emissions on visibility at Grand Canyon National Park was inappropriate. EPA explained that the “subject-to-BART” inquiry is a screening inquiry that should logically err on the side of being overinclusive and that using a three-year average can obscure the fact that data from individual years indicate that a source’s impact on visibility is problematic. This was a reasonable explanation for EPA’s action.
EPA’s conclusion that a BART determination was required for NOx at both *706 the Miami and Hayden smelters was also not arbitrary and capricious. EPA interprets the Regional Haze Rule to require a BART determination for any pollutant at a source that exceeds the de minimis threshold, once that source has been determined subject to BART. That interpretation is entitled to deference, because it is not “plainly erroneous or inconsistent with the regulation,” Auer, 519 U.S. at 461, 117 S.Ct. 905 (citation and internal quotation marks omitted). The Regional Haze Rule does not expressly provide for any exemption of specific pollutants from BART determinations except through the 40-tons-per-year de minimis exception. See 40 C.F.R. § 51.308(e)(l)(ii). EPA’s conclusion that the State had not shown that NOx emissions from the two smelters were less than the de minimis threshold was’ also not arbitrary and capricious, as EPA adequately explained that it could not accept the petitioners’ assertions about the smelters’ potential to emit NOx in the absence of evidence of physical or operational limitations that would keep the smelters’ emissions under the de minimis threshold.
EPA’s conclusion that Arizona’s BART determination for S02 at the two copper smelters was inadequate was likewise not arbitrary and capricious. EPA gave a reasoned explanation for this conclusion by pointing out that the State had failed to consider whether certain new control technologies for S02 could be adapted for use at the smelters.
EPA’s disapproval of Arizona’s reasonable progress goals was not arbitrary and capricious. As EPA noted in its final rale, after the State identified the categories of sources that contributed most to NOx and S02 emissions in the state, the State deliberately chose not to conduct the four-factor analysis required by 42 U.S.C. § 7491(g)(1) and 40 C.F.R. § 51.308(d)(l)(i)(A) with respect to those sources. It was not arbitrary and capricious for EPA to conclude that this reasonable progress analysis was inadequate.
Finally, it was not arbitrary and capricious for EPA to determine that the State’s four-factor reasonable progress analysis for the Phoenix Cement Plant was unacceptable. EPA’s explanation for its disapproval of this analysis&emdash;i.e., that the analysis incorporated flawed data that caused the State to overestimate the cost of installing and operating additional pollution controls at the Phoenix plant&emdash;was adequate to support its action.
The petitions for review are DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.